CAMPBELL v. HAMPSON.

No action lies against the sheriff for imprisoning a debtor in the same room with criminals, if the county jail contain but one apartment.

*Quære*: Whether such action may not be sustained against the county commissioners ?

THIS case was certified from the supreme court of Muskingum county. It was an action of trespass, and was tried by a jury upon the plea of not guilty, who found a verdict for the defendant. The plaintiff moved to have the verdict set aside as against law. A statement of facts was made and agreed to by the parties, and the motion for a new trial referred for decision to this court.

Campbell *v.* Hampson.

*The facts stated are as follows:                                    [120

The plaintiff was arrested by the defendant on the 26th day of September, 1822, by virtue of a *capias ad respondendum* issued from the court of common pleas of Muskingum county, in favor of John S. Dugan, in an action on the case, and was in the lawful custody of the defendant as a debtor. The jail of the county of Muskingum contains but one apartment, which is used, and heretofore has been used, for the imprisonment of convicts, persons charged with crimes, and debtors, this being the only room or building appropriated by the commissioners for that purpose. And it also appeared in evidence that the sheriff had represented to the commissioners the situation of the jail, and requested them to make provision for the separate confinement of debtors. The defendant, on said 26th day of September, by virtue of said writ, took said plaintiff to said jail, and there imprisoned him in said apartment, which then contained two insane persons, one person charged with rape, and one with bigamy. The jail was described as a filthy and loathsome apartment, and the plaintiff protested against being confined there, and claimed decent and comfortable lodgings. The keeper of the jail treated the plaintiff with all humanity and gave him every accommodation, and kept the room as clean and comfortable as the nature of the place would admit. On the 28th day of September the plaintiff procured bail and was discharged.

GODDARD and SPANGLER, for plaintiff:

*First.* Was the imprisonment illegal ?

*Second.* If illegal, is the plaintiff's remedy against the sheriff?

If the law supports the affirmative of both of those questions, we conceive a new trial must be granted. The first point was conceded, but to remove all doubt we will take a view of the law on the subject. By the common law, criminals and debtors shall be imprisoned in separate rooms. 3 Jacobs, L. D. 166; 2 Burns' Justice, 321; 3 Bac. Abr. 351. It will be found also, on an examination of the above authorities, that the sheriff is not bound to confine debtors in the public jail, but may in all cases, if he prefers so to do, imprison them in any other place within his county.

The above principles of the common law have been recognized by the Supreme Court of the State of New York. See 6 Johns. 22. The court then reasons by the analogy which exists between the ministerial duties of a sheriff and coroner, and decides that as it is

127

121] *the duty of a sheriff to provide a place for the confinement of debtors, when no place has been provided by the proper authority, so also it was the duty of the coroner in that case to have provided a place for the confinement of the sheriff (whom the coroner had arrested on a *ca. sa.*), instead of imprisoning him in the county jail. The statute of the state, providing for the "erection of public buildings" (13 Rep., sec. 1), appears to have been framed with a view to the above principle of the common law. It provides that every jail shall contain two apartments, etc., one for debtors, and the other for criminals. It will be found, from the common law authorities previously cited, that it is imperious on the sheriff to imprison criminals *at all events* in the county or common jail.

From those principles of the law we reason as follows : Debtors and criminals shall be imprisoned in separate rooms, or houses. But from the agreed statement of facts it appears that the jail of Muskingum county contained but one apartment, and the law (as we have shown) requires that *criminals* shall be confined there. Then where is the sheriff to confine debtors ? Not with the criminals, for that the law prohibits. Here, then, we see the propriety of that principle of the common law which authorizes the sheriff to provide a place for the confinement of debtors. But the sheriff did not pursue this course, thus pointed out by the law of the land. He, in violation of the law, and of the rights of the plaintiff, confined him in the same room with criminals. This imprisonment we hope we have shown to be illegal.

It has been urged by the defendant's counsel, and (we believe) the court inclined to the same opinion, that it was imposing an unreasonable *duty and expense* on the sheriff, to require *him* to furnish a place for the imprisonment of debtors. To this we answer, that this *duty* appertains to his office, and is as old and well established as the office itself. We conceive that it was intended for the benefit of the sheriff as well as the debtor : for as a county jail might contain but one apartment, and that apartment be filled with criminals, and the sheriff subject himself to an action of trespass was he to imprison him therein, so a county jail may contain several apartments, and the sheriff may deem it insufficient for the safe keeping of the debtor and subject himself to an action for an escape, by imprisoning there. In the first instance, the law and the rights of the debtor require him to provide another place of imprisonment. In the other case his own interest requires that he should have the

Campbell v. Hampson.

power of providing another place of imprisonment. As to the *expense, it will be found by examining the act establishing [122 boards of commissioners (18 Rep. 169), that this and every other necessary county expense is to be paid by the county, and were the commissioners to refuse to allow an expense thus necessarily incurred, the sheriff could recover it by law. But it was observed by the court, that by the statute of this state, the commissioners, and they alone, had the authority of erecting jails; and therefore the sheriff had no alternative but to imprison debtors in the jail thus provided by the commissioners. The same objection might, with equal propriety, be urged in a similar case in England, as the sheriff there has as little to do with the erection of public jails as he has here. See 3 Bac. Abr. 345. Yet was the sheriff there to imprison criminals and debtors in the same apartment, he would forfeit his office, and be liable to the party injured in treble damages. 3 Bac. Abr.

In the case before cited from Johnson, the coroner might have with equal force urged the same argument, and probably did, yet he was liable for not having provided a place for the imprisonment of the sheriff. Thus it appears that the principle here contended for, and we say supported by law, does not depend on, neither has it any connection with the power of erecting public jails; therefore the foregoing objection consequently must fall. We ask, what would be the course for a sheriff to pursue, was there no jail erected within his county? Would he give the debtor his liberty because the commissioners had not erected a jail? If he did, the court knows he would be liable to an action for an escape. Here, then, comes in his common law power to his aid, of providing a suitable place, by virtue of his office, for the confinement of the debtor. And here again we see the necessity for this power. We, say, then, that in the present case there was not in fact, or in law, any place provided by the commissioners for the imprisonment of debtors. The house appropriated by the commissioners for the county jail, contained but one apartment, and in that apartment the law required the sheriff to imprison criminals, and the same law forbids the imprisonment of debtors in the same room with criminals. It was then necessary for the sheriff to exercise the power with which the law clothes him, and provide another place for the imprisonment of the debtor, or, in violation of the law, imprison the debtor in the same apartment with criminals. He made his selection—he pur-

Campbell v. Hampson.

sued the latter course, and thereby, we say, subjected *himself* to an action.

But it has been urged, that if the plaintiff has sustained an in-
123] jury, *his remedy is against the county, and not against the sheriff. This is the second point to be considered.

We conceive there is no principle of law better established than that he who commits a trespass, even should it be by the advice or the command of another, is the person liable to the party injured. 6 T. R. 300; 5 Burr. 2657; 2 Esp. 533.

He may, and probably has, his remedy over. And indeed, in this case, it is clear to our minds, that the plaintiff's remedy is against the sheriff only. We have endeavored to show that the law clearly pointed out a different course for the sheriff to pursue, than to imprison the plaintiff with criminals. If he, through ignorance of his duty and of the law, has committed a trespass, we can see no reason why the county should be liable. The commissioners may have neglected their duty concerning the erection of a jail, but that negligence can furnish no excuse for the sheriff, while he possesses the powers we have pointed out. The act providing for the erection of public buildings, before cited, provides, that "whenever the commissioners may deem it necessary, they shall cause to be erected," etc. Now was this suit brought against the county, the discretionary power lodged with the commissioners would, we think, be an effectual bar to the action. Because by the statute, the commissioners are not to erect jails until they deem it necessary. They have not deemed it necessary or expedient to erect a jail with two apartments, in this county, and in acting on this opinion (which probably was based on the poverty of the county) they have only exercised the discretion which the law gives them. For those reasons, we are of opinion that the plaintiff's remedy is against the sheriff, and against him only.

No argument was presented for the defendant.

By the COURT:

At the common law it was unlawful to confine a person in custody for debt in the same prison with those imprisoned for crimes, unless the debtor assented to it. If a debtor were thus imprisoned, he had his action for the wrong against the sheriff.

Our statute directing the erection of jails, provides that the jail

shall contain not less than two apartments, one of which shall be appropriated to the reception of debtors; the other shall be used for the safe keeping of persons charged with or convicted of crimes. This provision is clearly predicated upon the principle that the unfortunate debtor is not to be associated with the unprincipled and profligate felon. And the court have no doubt but thus to associate *a debtor is a wrong for, which he may [124 have an action for redress—the difficulty is, against whom shall such action be brought?

The fact that this action **is** sustained, in England, against the sheriff, does not warrant us in sustaining it here. He has, with us, no authority to provide a jail, or to imprison a debtor in any other place than the public jail. It is the duty of the commissioners to erect and provide a jail. If this duty be performed—if there be a public jail with separate apartments, and the sheriff shall, in such case, confine a debtor among criminals against his consent, no doubt he would. be subject to this action. But the facts agreed present a very different case. Here was a jail with but one apartment, and that contained persons charged with criminal offenses. The sheriff had legally arrested the plaintiff— he could not give bail, and it was the duty of the sheriff to confine him in the public jail. Had he imprisoned him elsewhere, it would have been illegal. The plaintiff, in the action, might have considered it an escape—the defendant a trespass. Where the sheriff acted in strict obedience to his writ, and in the performance of his duty, he shall not be subjected to an action. The plaintiff has sustained an injury from others, and must seek redress against the wrong-doers—not against the innocent sheriff.

The motion for a new trial is overruled.